UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| P.K., | | |
| Plaintiff, | | Civil Action No. 22-1983 |
| v. | | Chief Judge Beryl A. Howell |
| UNITED STATES CUSTOMS AND BORDER PROTECTION, *et al.*, | | |
| Defendants. | | |

**MEMORANDUM AND ORDER**

Plaintiff, a non-U.S. citizen and "aspiring graduate student in mental health counseling," Compl. ¶ 1, ECF No. 1, has moved to proceed under pseudonym in the instant suit "challenging the unlawful revocation of his student visa" by an employee of U.S. Customs and Border Protection ("CBP"), Pl.'s Mot. to Proceed Under Pseudonyms and File Under Seal ("Pl.'s Mot.") at 1, ECF No. 2. Plaintiff seeks to shield his identity, and "to seal portions of any papers that provide identifying details," *id*. at 2, out of "a fear of religious persecution" and "physical harm" if he is returned to his home country, *id*. at 1. For the reasons set forth below, plaintiff's motion is granted, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

I.  **BACKGROUND**

After completing his undergraduate studies in 2020, plaintiff, a non-U.S. citizen, "decided to pursue the next chapter of his studies—obtaining a Master's Degree—in the

---

[1] The instant motion has been directly referred to the undersigned Chief Judge for resolution. *See* D.D.C. LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . in any case not already assigned: motion to seal the complaint and motion to file a pseudonymous complaint").

United States," and obtained an F-1 visa to allow him to pursue his studies in Florida.  Compl. ¶¶ 1. 16.  Upon his arrival to the United States in June 2021, however, plaintiff's "valid, unexpired F-1 student visa" was revoked by an "unappointed employee" of CBP, "without any valid basis or legal authority."  *Id.* ¶ 2.  Plaintiff is now "in further proceedings before an immigration judge related to his claim for asylum, but the visa revocation is not reviewable in those proceedings," and therefore plaintiff remains "unable to attend his graduate studies because of the unlawful visa revocation."  *Id.* ¶ 6.  Plaintiff challenges this "exercis[e] [of] unreviewable discretion" by the line employee, *id.* ¶ 2, as a violation of the Appointments Clause of the U.S. Constitution, *id.* ¶ 3, and unlawful "[b]ecause P.K. ha[s] a credible fear of persecution" if returned to his home country, *id.* ¶ 5.  Plaintiff filed the instant suit seeking, *inter alia*, a declaratory judgment that the revocation of his visa violated the Appointments Clause; was "invalid and void *ab initio*"; and "was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," as well as an order that defendants "take the appropriate corrective action, including but not limited to, reversing the decision to cancel Plaintiff's F-1 visa."  *Id.* at 12.  Plaintiff seeks to proceed under pseudonym, and "to seal portions of any papers that provide identifying details," out of a fear that "sensitive and highly personal facts related to his asylum claim," if publicly disclosed, "would endanger Plaintiff's life and safety."  Pl.'s Mot. at 1.

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and

telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

   Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name or other personal information may be redacted to protect privacy by limiting public access. *See, e.g.,* FED. R. CIV. P. 5.2 (a) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the 'rare dispensation' of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well as the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

4

In addressing motions to file under seal records filed in a case, "[t]he starting point . . . is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  Courts consider six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), in determining whether the strong presumption in favor of public access is overcome to remove the filing from public access. [2] When, however, a plaintiff initiating a lawsuit moves to file a case under seal simultaneously with the filing of the complaint, the motion is more akin to a request to proceed under a pseudonym, triggering the *James* test.  In both contexts, plaintiffs are seeking to conceal their identities from the public and thus the same interests are at stake.

### III.  DISCUSSION

At this early stage of the litigation, this Court is persuaded that plaintiff has met his burden of showing that his privacy and security interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation.  The public's interest in the litigant's identity is *de minimis* compared to the significant privacy interests of the plaintiff, who reasonably fears that proceeding under his real name would "endanger [his] life and safety" if he were ultimately returned to his country of origin.  Pl.'s Mot. at 1–2.

First, as the description of plaintiff's claims makes clear, plaintiff does not seek to proceed under pseudonym "merely to avoid . . . annoyance and criticism," but to "preserve

---

[2]   Those factors are:
(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.
*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)).

privacy" and security in a matter that is "sensitive" and potentially dangerous. *In re Sealed Case*, 931 F.3d at 97. Plaintiff explains that if he is returned to his home country, "[t]he disclosure of Plaintiff's name through public court filings," and the revelation of any of the specifics of his persecution claim, "would put Plaintiff in danger of serious personal harm or death." Pl.'s Mot. at 6. Plaintiff thus demonstrates a reasonable fear of serious danger rising beyond mere "annoyance and criticism," *In re Sealed Case*, 931 F.3d at 97, if his involvement in the instant suit were to become public knowledge. The first *James* factor thus weighs strongly in favor of permitting him to proceed under pseudonym.

Second, and relatedly, plaintiff has sufficiently alleged that disclosure of his identity "poses a risk of retaliatory physical or mental harm to the requesting party." *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Plaintiff references two previous instances where he "was subjected to verbal threats and physical violence" in his home country due to his religious affiliation, explaining that if he is returned there, he "will be subject to an increased risk of violence." Pl.'s Mot. at 3–4. This concern plainly represents a serious "risk of retaliatory physical . . . harm," *In re Sealed Case*, 931 F.3d at 97, such that the second factor also weighs strongly in favor of granting plaintiff's motion.

The third and fourth *James* factors weigh slightly against granting plaintiff's motion. Plaintiff does not allege that the interests of any minors are at risk, *see In re Sealed Case*, 931 F.3d at 97, and "there is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329; *see also id.* (describing the public interest as "particularly great" where regulated entity sued government agency regarding "special exemptions" from statutory obligations). However, as plaintiff rightly notes, his identity is "incidental to the adjudication of his claims," given that his suit is

"challenging the constitutional and statutory validity of a governmental policy." Pl.'s Mot. at 7 (internal alterations omitted).

Finally, defendants would suffer no "risk of unfairness" if plaintiff's motion were granted. *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Allowing plaintiff to proceed under pseudonym will have no impact on any private rights, as defendants are all government officers sued in their official capacity. *See* Compl. at 1. Plaintiff has provided his necessary identifying information to the Court and defendants under seal, and therefore allowing plaintiff to proceed anonymously will not compromise defendants' ability to defend this action.

In sum, weighed against the minimal apparent interest in disclosure, plaintiff's significant and "legitimate interest in anonymity" at this early stage in the litigation is more than sufficient to overcome "countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 97; *see also Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

For the same reasons discussed above, plaintiff's request to file a redacted version of the Complaint on the public docket, removing specific "identifying details," and an unredacted version of the Complaint and supporting exhibits under seal, *see* Pl.'s Mot., Ex. 1, Unredacted Compl., ECF No. 2-1, is also granted.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motion to Proceed Under Pseudonyms and File Under Seal, ECF No. 2, is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; it is further

**ORDERED** that plaintiff may proceed with the case using the pseudonym "P.K."; it is further

**ORDERED** that defendants are prohibited from publicly disclosing plaintiff's identity or any personal identifying information that could lead to the identification of plaintiff by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response; it is further

**ORDERED** that plaintiff's Motion to Proceed Under Pseudonyms and File Under Seal, ECF No. 2, and accompanying exhibits, shall remain under seal; it is further

**ORDERED** that plaintiff must file, by **July 26, 2022**, the Motion to Proceed Under Pseudonyms and File Under Seal on the public docket with sensitive information redacted; and it is further

**ORDERED** that the Clerk of the Court shall randomly assign this matter to a United States District Court Judge for further proceedings.

**SO ORDERED.**

Date: July 12, 2022

                                                                         _____
BERYL A. HOWELL
Chief Judge