IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| P.K., <br><br> *Plaintiff*, <br><br> vs. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, *et al.*, <br><br> *Defendants*. | Case No.: <br><br> **FILED UNDER SEAL** |

## PLAINTIFF'S MOTION TO PROCEED USING PSEUDONYMS AND FILE UNDER SEAL

Plaintiff P.K. ("Plaintiff") is an asylum seeker challenging the unlawful revocation of his student visa by an unappointed Customs and Border Protection ("CBP") employee. After obtaining his Bachelor's Degree in Vienna, Austria, Plaintiff traveled to the United States in order to attend ▮▮▮▮▮▮ in Florida, where he had been accepted into a Master's Degree program. When he arrived at O'Hare airport in Chicago, Illinois, and before he could make his connecting flight, a CBP officer unlawfully revoked Plaintiff's validly issued F-1 student visa. Facing deportation, Plaintiff expressed a fear of ▮▮▮▮▮▮ if returned to his home ▮▮▮▮▮▮. Plaintiff has already experienced ▮▮▮▮▮▮ ▮▮▮▮▮▮. In addition, from about the time he attended undergraduate studies, ▮▮▮▮▮▮.

Plaintiff currently resides in Orlando, Florida unable to complete his Master's course work due to his revoked student visa. He is in removal proceedings before an immigration judge related to his asylum claim. His challenge before this Court relates to the visa revocation but tangentially includes sensitive and highly personal facts related to his asylum claim that, if they

were publicly disclosed, would endanger Plaintiff's life and safety. *Cf., e.g., Doe 1 v. George Washington Univ.*, 369 F. Supp. 3d 49, 62 (D.D.C. 2019); *O.A. v. Trump*, No. 18-cv-2718, 2018 WL 11249801, at *1 (D.D.C. Nov. 20, 2018). Accordingly, and for the reasons set forth below, Plaintiff respectfully requests that the Court grant him permission to proceed in this action by using his initials as a pseudonym and to seal portions of any papers that provide identifying details, including the present motion and supporting exhibits.

## LEGAL STANDARD

Although generally a complaint must state the names of all parties under Federal Rule of Civil Procedure 10(a), it "is within the discretion of the district court to grant the 'rare dispensation' of anonymity." *Doe 1*, 369 F. Supp. 3d at 62 (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995)). *See* Ex. 1, Unredacted Compl. When evaluating whether a party may proceed anonymously, a court considers "the impact of the plaintiff's anonymity on the public interest in open proceedings and on fairness to the defendant." *Nat'l Ass'n of Waterfront Emps. v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). These competing interests are assessed through a "five-part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest." *Eley v. District of Columbia*, No. 16-cv-806, 2016 WL 6267951, at *1 (D.D.C. Oct. 25, 2016). The five factors, sometimes referred to as the "*Chao* test," *see, e.g., J.W. v. District of Columbia*, 318 F.R.D. 196, 198 (D.D.C. 2016), are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of

> unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Chao*, 587 F. Supp. 2d at 99.

Similarly, courts considering a motion to seal generally consider six factors often referred to as the "*Hubbard* test":

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC v. Nat'l Child. Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980)).

These two tests, at root, "weigh the same two general concerns." *O.A.*, 2018 WL 11249801, at *2. The two concerns are "(1) the strength of the generalized property and privacy interests involved and the possibility of prejudice to those opposing disclosure; and (2) whether the justification for nondisclosure is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature." *Id.* (quotations, citations, and brackets omitted). Ultimately, both tests analyze "whether the non-speculative privacy interests that the movants have identified outweigh the public's substantial interest in knowing the identities of [the] parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the movants." *John Doe Co. No. 1 v. CFPB*, 195 F. Supp. 3d 9, 17 (D.D.C. 2016).

## **ARGUMENT**

Plaintiff believes he will face physical violence or even death if returned ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. As the pleadings and their supporting documents demonstrate, Plaintiff was subjected to verbal threats and physical violence ▇▇▇▇▇▇

3

██████████████████████████████████████████████████████. Ex. 2, Form I-870 at 9. ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████.

Plaintiff's identity and the specific facts of his asylum claim are not relevant to Plaintiff's two claims before this Court: (1) that the unappointed CBP employee who purported to revoke Plaintiff's validly issued F-1 visa lacked authority to do so under the Appointments Clause; and (2) that the revocation of Plaintiff's validly issued F-1 visa was arbitrary, capricious, an abuse of discretion, and otherwise contrary to Defendant Bock's authority under federal regulation. Thus, there is little, if any, public interest in Plaintiff's identity or the details that Plaintiff proposes to redact from the public record. Further, Defendants in this case are federal agencies or government officials sued in their official capacities. Neither will suffer prejudice if Plaintiff is permitted to proceed under pseudonym and seal potentially identifying information. *See O.A.*, 2018 WL 11249801, at *3.

**I.     The *Chao* Test Supports Allowing Plaintiff to Proceed Under a Pseudonym**

Four of the five *Chao* factors weigh strongly in favor of allowing Plaintiff to proceed under a pseudonym, and the fifth factor is neutral.

1.     Plaintiff's request is motivated by a need to "preserve privacy in a matter of a sensitive and highly personal nature." *Chao*, 587 F. Supp. 2d at 99. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, if he were forced to ▮▮▮▮▮, he would be at risk of severe harm. This threat is significant in light of the persecution that Plaintiff has already faced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5

Plaintiff is currently in removal proceedings during which an immigration judge will evaluate his asylum claim. *See* Ex. 3, Notice to Appear. Due to the sensitive nature of asylum and other protection-based claims, by federal regulations, the contents of those proceedings are subject to nondisclosure restrictions. *See* 8 C.F.R. § 1208.6. If Plaintiff must ▆▆▆▆ with his name and personal facts revealed in this case, the risk that his persecutors—▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆—will learn of his ▆▆▆▆ ▆▆▆▆ increases significantly. The disclosure of Plaintiff's name through public court filings would put Plaintiff in danger of serious personal harm or death. Such a risk weighs heavily in favor of allowing Plaintiff to proceed pseudonymously. *See, e.g., Doe v. U.S. Dep't of State*, No. 1:15-cv-01971, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) ("Preserving his anonymity goes beyond protecting Doe from the annoyance and criticism that may attend any litigation, but goes to protecting Doe and innocent family members from retaliation . . . ."); Mem. and Order at 5, *M.G.U. v. Nielsen*, No. 18-cv-1458 (D.D.C. June 21, 2018), ECF No. 7 ("The plaintiffs adequately have detailed the deadly threats they and their families have already faced and continue to face, and how public identification would only exacerbate these threats.").

2. Similarly, identifying Plaintiff "poses a risk of retaliatory physical or mental harm." *Chao*, 587 F. Supp. 2d at 99. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Ex. 2 at 10. As explained above, publishing this ▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ will increase the "risk of retaliatory physical or mental harm" to Plaintiff if he is returned to his country of origin. *Chao*, 587 F. Supp. 2d at 99.



3. The third *Chao* factor, "the ages of the persons whose privacy interests are sought to be protected," *Chao*, 587 F. Supp. 2d at 99, is neutral. Although Plaintiff is ▆▆▆▆, and thus not automatically entitled to the use of a pseudonym as minors are, *see* Fed. R. Civ. P.

5.2(a), adults may also proceed pseudonymously where the other factors support it.  *See, e.g.*, *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011) ("Where an action is brought against a government entity rather than a private party, *or* where it involves the privacy interests of minor children, courts are more likely to allow a plaintiff to proceed anonymously." (emphasis added)).

4. Courts in this district have found that "[w]hen a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym." *Chao*, 587 F. Supp. 2d at 99 n.9 (cleaned up); *accord Yaman*, 786 F. Supp. 2d at 153.  Here, Plaintiff brings suit against the U.S. Department of Homeland Security, U.S. Customs and Border Protection, and two employees of those agencies in their official capacities. What is more, the regulations of Defendant U.S. Department of Homeland Security confirm that, as a matter of policy, the Department has no interest in the disclosure of the identities of asylum seekers to third parties, and is indeed obligated to keep such information confidential.  *See* 8 C.F.R. § 208.6(a) ("Information contained in or pertaining to any application for . . . asylum . . . [or] records pertaining to any credible fear determination . . . shall not be disclosed without the written consent of the applicant[.]").  Thus, leave to proceed under pseudonym is especially warranted.

5. Defendants will not be prejudiced by the use of pseudonyms to protect Plaintiff's identity from the general public.  The unredacted exhibits attached to this motion provide Plaintiff's name, his Alien Registration Number, and other details sufficient to identify him in Defendants' databases.  *See, e.g.,* Ex. 1 at 1; Ex. 2 at 1.  Further, Plaintiff's identity is incidental to the adjudication of his claims, making "any prejudice to Defendants . . . limited because [Plaintiff is] challenging the constitutional and statutory validity of a governmental [policy], such

that the questions presented in this case 'do not depend on identifying the specific parties' but instead are 'purely legal.'" *Int'l Refugee Assistance Project v. Trump*, No. 17-cv-361, 2017 WL 818255, at *3 (D. Md. Mar. 1, 2017) (collecting cases). Thus, there is no "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Chao*, 587 F. Supp. 2d at 99.

**II.     The *Hubbard* Test Supports Allowing Plaintiff to File Under Seal**

Plaintiff respectfully requests to redact identifying details from his complaint, supporting exhibits, and future filings. These limited redactions would not deprive the public of any information relevant to considering the constitutional and administrative law issues before this Court. Rather, the redactions would withhold only potentially identifying information such as Plaintiff's age, his country of origin, place of birth, university attendance and admission, specifics related to Plaintiff's ███████████████████████████████████, and the harm Plaintiff has sustained in his country of origin because of ███████████████. Given the limited scope of the sealed information, the *Hubbard* factors all point toward allowing Plaintiff to file under seal.

1.     There is no "need for public access to" the limited information Plaintiff seeks to seal. *Hubbard*, 650 F.2d at 317 (capitalization altered). The public's understanding of Plaintiff's claims, Defendants' conduct, and the constitutional and statutory principles at issue does not benefit from the knowledge of Plaintiff's identity nor related details.

2.     There has been no "previous access" to the information Plaintiff seeks to redact. *Hubbard*, 650 F.2d at 318. Rather, the Government is obligated by its own regulations to keep such details confidential. 8 C.F.R. §§ 208.6, 1208.6.

3. The fact that Plaintiff raises "[s]trong objections" to publishing the information publicly "is an obvious but important consideration." *Hubbard*, 650 F.2d at 319; *Nat'l Child. Ctr.*, 98 F.3d at 1409–10. While this is not a major factor in the analysis of this motion, it nevertheless weighs in favor of sealing, because Plaintiff has a significant interest in maintaining his anonymity due to the harm he would likely endure if he is ███████████████████ ███████████████.

4. The "strength of the generalized property and privacy interests asserted" in this case is considerable. *Hubbard*, 650 F.2d at 320 (capitalization altered). Public disclosure of Plaintiff's personal details and confirmation of Plaintiff's ███████████████████ ███████████████████████████████████████████████

5. There is no "possibility of prejudice to those opposing disclosure" in this case. *Nat'l Child. Ctr.*, 98 F.3d at 1409; *Hubbard*, 650 F.2d at 320–21. As stated, Defendants either currently have or will have access to all information that Plaintiff requests be sealed. *See, e.g.,* Ex. 2 at 1.

6. Lastly, the "purposes for which the [information was] introduced" weigh in favor of sealing. *Hubbard*, 650 F.2d at 321 (capitalization altered). The information Plaintiff proposes to seal consists of background details regarding Plaintiff's entry into the United States. It is incidental to the principal legal issues before the Court and is likely to be immaterial to the Court's ultimate resolution of the case. *Cf. In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) (presumption of openness is based on public's "interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions") (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1181 (6th Cir. 1983).

9

\* \* \*

Plaintiff's strong interest in anonymity outweighs the "minimal apparent interest in disclosure" and the *de minimis* risk of prejudice to Defendants. *See* Mem. and Order at 6, *M.G.U.*, No. 18-cv-1458 (citing *Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) (internal citation omitted) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'")). Moreover, the public interest would be poorly served by requiring asylum seekers, like Plaintiff, to disclose their identities in order to seek relief, as such an outcome "creates an unnecessary risk of chilling the willingness of asylum seekers from litigating important issues like the ones raised in this case." *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-2366, 2017 WL 6541446, at \*7 (S.D. Cal. Dec. 20, 2017).

## **CONCLUSION**

This Court should grant Plaintiff's motion to proceed under pseudonym and file under seal.

Dated: July 8, 2022                                    Respectfully submitted,

               By: *s/ Nandini Singh*
                  Nandini Singh (D.C. Bar No. 1047925)
                  Jillian Feirson (D.C. Bar No. 1743234)
                  Covington & Burling LLP
                  850 10th Street NW
                  Washington, D.C. 20001
                  Tel: (202) 662-6000
                  nsingh@cov.com
                  jfeirson@cov.com

                  Jeffrey B. Dubner (D.C. Bar No. 1013399)
                  DEMOCRACY FORWARD FOUNDATION
                  P.O. Box 34553
                  Washington, D.C. 20043
                  Tel: (202) 448-9090
                  jdubner@democracyforward.org

                  Mark Fleming (*pro hac* to be filed)
                  NATIONAL IMMIGRANT JUSTICE CENTER
                  224 South Michigan Ave., Suite 600
                  Chicago, Illinois 60604
                  Tel: (312) 660-1370
                  Fax: (312) 660-1505
                  mfleming@hearlandalliance.org


                  *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2022, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court on the ECF system and transmitted to counsel registered to receive electronic service.

*s/ Nandini Singh*
Nandini Singh