IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| P.K.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. CUSTOMS & BORDER PROTECTION, *et al*.<br><br>　　　　Defendants. | Case No. 1:22-cv-01983-CRC |

**PLAINTIFF P.K.'S OPPOSITION TO DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR INTERIM STAY OF AUGUST 5, 2022 BRIEFING DEADLINE**

　　　　Plaintiff P.K. opposes Defendants' motion to stay briefing on summary judgment indefinitely until the resolution of any potentially forthcoming Rule 12 motions. ECF No. 17. P.K. does not oppose Defendants' request for an interim stay of the August 5, 2022 briefing deadline pending resolution of the motion to stay, insofar as the interim stay expires when the Court enters a briefing schedule. ECF No. 17. Nor does P.K. oppose extending the deadline for Defendants' summary judgment response to October 11, 2022, which is 21 days after Defendants' responsive pleading is due. As counsel for P.K. proposed to Defendants, should Defendants seek to file a Rule 12 motion, P.K. proposes a consolidated Rule 12 and Rule 56 briefing schedule that would allow the parties to address any motions filed under Rule 12 or Rule 56. Unlike a stay, a consolidated briefing schedule would support the Court's orderly disposition of the matter and promote a "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Accordingly, the Court should deny Defendants' motion to stay.

1

## BACKGROUND

The administrative action that Plaintiff P.K. challenges in this case has put his life on hold: as a result of the unlawful revocation of his F-1 student visa by an unappointed employee of U.S. Customs and Border Protection, he is unable to pursue his graduate studies.  Compl. ¶¶ 1–2, ECF No. 1.  On July 8, 2022, P.K. filed a complaint alleging that the revocation of his validly issued student visa violated the Appointments Clause of the United States Constitution and the Administrative Procedure Act ("APA").  *Id.* ¶¶ 9–12.  On July 20, 2022, P.K. served all Defendants.  ECF Nos. 9–12.  On July 22, 2022, P.K. served the U.S. Attorney for the District of Columbia and moved for summary judgment.  ECF Nos. 13, 15.

On August 1, 2022, counsel for Defendants notified counsel for P.K. of "Defendants['] inten[t] to move to stay Defendants' deadline to respond to Plaintiff's early summary judgment motion pending resolution of any motion to dismiss or, in the alternative, until 21 days after the filing of Defendants' responsive pleading."  Counsel for P.K. responded that "Plaintiff would not oppose a briefing schedule that consolidates Rule 12 and Rule 56 briefing, such as by providing an extension for Defendants to file a consolidated motion to dismiss, motion for summary judgment, and opposition to [P.K.]'s summary judgment motion."  In addition, counsel for P.K. explained that P.K. is "open to an extension that provides a response date of 21 days after Defendants' responsive pleading, if Defendants decide not to file a Rule 12 motion."  However, P.K. "oppose[s] a stay to responding to the summary judgment motion altogether."  On August 2, 2022, counsel for Defendants further inquired whether P.K. would "consent to Defendants' request for an interim stay of briefing on the summary judgment motion while the court decides Defendants' overall stay motion."  Counsel for P.K. stated that "[P.K.] can't agree to an indefinite stay of Defendants' response;" however, "if Defendants would like to propose in the alternative that the Court set Defendants' response for September 20 (the date that any Rule 12

motion is due) or some agreed-upon date not too long after that, [P.K.] would not oppose that alternative request."

On August 3, 2022, Defendants filed a motion to stay briefing on summary judgment pending the resolution of a possible forthcoming motion to dismiss, or, in the alternative, until 21 days after Defendants file their responsive pleading. ECF No. 17. In the same motion, Defendants also sought an interim stay on briefing P.K.'s summary judgment motion while the Court resolves Defendants' motion to stay. *Id.* at 1–2.

## ARGUMENT

The Court should deny the Defendants' motion to stay briefing indefinitely on P.K.'s motion for summary judgment. Denying the motion would both conserve the Court's resources and promote fairness.

Indefinitely postponing summary judgment briefing pending the resolution of Defendants' potentially forthcoming motion to dismiss would not serve the orderly disposition of this case. Federal Rule of Civil Procedure 56(b) provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "A motion for summary judgment can thus be too late, but not too early; 'at any time' does in fact mean 'at any time.'" *Parker v. Hoglander*, No. CV 15-926 (JDB), 2016 WL 3527014, at *3 (D.D.C. June 23, 2016) (citing *Eastland Music Grp., LLC v. Lionsgate Ent., Inc.*, 707 F.3d 869, 870–71 (7th Cir. 2013); *Short v. Oaks Corr. Facility*, 129 F. App'x 278, 280 (6th Cir. 2005)). In APA cases in particular, a summary judgment motion shortly following a complaint is often appropriate, as "[t]he entire case on review is a question of law, and only a question of law." *Am. Hosp. Ass'n v. Dep't of Health & Hum. Servs.*, No. CV 18-2112 (JDB), 2018 WL 5777397, at *2–3 (D.D.C. Nov. 2, 2018) (citing *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F. 2d 1221, 1226 (D.C. Cir. 1993)). "The line that divides the motion-to-dismiss

3

stage of proceedings from summary judgment is therefore less clear." *Id.* Similarly, when a motion to dismiss is filed in an APA case, a court "may convert the motion into a motion for summary judgment under Rule 12(d)." *Bates v. Donley*, 935 F. Supp. 2d 14, 17 (D.D.C. 2013).

Here, P.K.'s claims involve only questions of law. Stemming from a lean factual record, the principal claims argue a violation of the Constitution's Appointments Clause and the APA. "[B]ecause a court can fully resolve any purely legal question on a motion to dismiss, there is no inherent barrier to reaching the merits at the 12(b)[] stage." *Marshall Cnty. Health Care Auth.*, 988 F.2d at 1226; *cf. Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). In such cases, this Court has held that it is "in the interest of the sound administration of judicial . . . resources to proceed with one combined briefing schedule for plaintiffs' summary judgment motion and any motion to dismiss . . . ."[1] *Am. Hosp. Ass'n,* 2018 WL 5777397, at *3 (citing *Grimes v. District of Columbia*, 794 F.3d 83, 90 (D.C. Cir. 2015) ("Typically, a district court enjoys broad discretion in managing its docket and determining the order in which a case should proceed"); Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendment (noting courts "can regulate [the timing of summary judgment motions] to fit the needs of the case")). Accordingly, should Defendants file a Rule 12 motion, a consolidated Rule 12 and Rule 56 briefing schedule would facilitate this Court's orderly disposition of the case.

Notably, Defendants' motion to stay does not identify any Rule 12 arguments, let alone arguments that would be wholly distinct from the merits issues that will be at issue at summary

---

[1] *See, e.g.*, *Clean Water Action v. Pruitt*, No. 17-cv-817, 2017 WL 8292486, at *1 (D.D.C. Aug. 4, 2017) (finding that "it is most efficient to require each party to present all available arguments in a single (consolidated) round of briefing that the Court will consider at one time" (internal quotation omitted)); Scheduling Order, *Am. Acad. of Pediatrics v. FDA*, No. 18-cv-883 (D. Md. July 3, 2018), ECF No. 29; Scheduling Order, *Nat. Res. Def. Council v. U.S. Dep't of Energy*, No. 17-cv-6989 (S.D.N.Y. Mar. 19, 2018), ECF No. 27; Scheduling Order, *Paralyzed Veterans of Am. v. U.S. Dep't of Transp.*, No. 17-cv-1539 (D.D.C. Aug. 15, 2017), ECF No. 8.

judgment.  Defendants note generally that they may have "potential threshold arguments under Rule 12, such as statutory bars to review," Def.'s Mot. to Stay, ECF No. 17 at 3, but they do not provide any reason to doubt that any hypothetical jurisdictional arguments will overlap with the merits of the case, rendering consolidated briefing the most efficient course of action.

In addition, the interests of fairness counsel in favor of denying Defendants' request for a stay until any Rule 12 motion is decided.  P.K.'s student visa was unlawfully revoked due to the constitutionally impermissible and administratively unauthorized action of one unappointed CBP officer, rendering P.K. unable to pursue his masters education from the moment of his visa's revocation and throughout the pendency of this case.  Given the urgency of the matter for P.K., whose academic and personal plans are indefinitely paused, and the uncertainty of any Rule 12 arguments, denying Defendants' motion to stay responding to P.K.'s summary judgement motion indefinitely is appropriate in this case.

A consolidated Rule 12 and Rule 56 briefing schedule can provide Defendants sufficient time to respond to P.K.'s pleadings and motion.  Accordingly, P.K. respectfully requests that the Court direct the parties to meet and confer regarding a proposed briefing schedule and page limits for consolidated briefing on all Rule 12 and Rule 56 motions.  In the alternative, the Court should follow the 2009 Advisory Committee Notes to Federal Rule of Civil Procedure 56, which suggest that, "if a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, the time for responding to the motion is 21 days after the responsive pleading is due."  P.K. does not oppose rescheduling Defendants' response to the motion for summary judgment until October 11, 2022, which is 21 days after the date

Defendants' responsive pleading is due. Such an extension provides adequate time for Defendants to respond to both P.K.'s complaint and summary judgment motion.

In addition, P.K. recognizes that the August 5, 2022 deadline for Defendants' response to P.K.'s motion for summary judgment has elapsed. If the Court directs the parties to propose a briefing schedule, it can issue an interim stay *nunc pro tunc* until the parties provide that schedule. Alternatively, if the Court extends the response deadline until October 11, it can deny the request for an interim stay as moot. In any event, Plaintiff does not oppose an interim stay of the August 5, 2022 briefing deadline, provided that such a stay does not extend beyond the date that the Court enters a briefing schedule.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to stay briefing on Plaintiff's motion for summary judgment (ECF No. 17) and order the parties to propose a consolidated Rule 12 and Rule 56 briefing schedule, or in the alternative, order that Defendants respond to Plaintiff's Motion for Summary Judgment by October 11, 2022.

Dated: August 9, 2022                      Respectfully submitted,

By: */s/ Nandini Singh*
Nandini Singh (D.C. Bar No. 1047925)
Jillian Feirson (D.C. Bar No. 1743234)
COVINGTON & BURLING LLP
850 10th Street NW
Washington, D.C. 20001
Tel: (202) 662-6000
nsingh@cov.com
jfeirson@cov.com

Jeffrey B. Dubner (D.C. Bar No. 1013399)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel: (202) 448-9090
jdubner@democracyforward.org

Mark Fleming (pro hac vice)
NATIONAL IMMIGRANT JUSTICE CENTER
224 South Michigan Ave., Suite 600
Chicago, Illinois 60604
Tel: (312) 660-1370
Fax: (312) 660-1505
mfleming@heartlandalliance.org

*Counsel for Plaintiff*